**Amador ANZUALDA, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 13–02–302–CR.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

Aug. 28, 2003.

W.A. 'Bill' White, Victoria, for Appellant.

Dan W. Heard, District Attorney, Jerry L. Clark, Assistant District Attorney, Port Lavaca, for the State.

Before Chief Justice VALDEZ and Justices RODRIGUEZ and CASTILLO.

**OPINION**

Opinion by Justice CASTILLO.

A jury convicted appellant Amador Anzualda, Jr. of murder. It assessed his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for ninety-nine years and imposed a $10,000 fine. By one issue, Anzualda asserts that the trial court abused its discretion in admitting as evidence incriminating letters he wrote from jail detailing his involvement in the murder. We affirm.

### I. APPLICABLE APPELLATE RULES

Anzualda filed a timely notice of appeal on April 26, 2002. The rules of appellate procedure governing how ap-

peals proceed in criminal cases were amended effective January 1, 2003. Generally, rules altering procedure do not fall within the prohibition in the Texas Constitution against retroactive application of laws that disturb vested, substantive rights. *See* Tex. Const. art. I, § 16; *see also Ibarra v. State*, 11 S.W.3d 189, 192 (Tex.Crim.App.1999). Therefore, this Court applies the current rules of appellate procedure to this appeal. We may not affirm or reverse a judgment or dismiss an appeal for formal defects or irregularities in appellate procedure without allowing a reasonable time to correct or amend the defects or irregularities. Tex.R.App. P. 44.3. We also are prohibited from affirming or reversing a judgment or dismissing an appeal if the record prevents the proper presentation of an appeal and can be corrected by the trial court. Tex.R.App. P. 44.4(a). Accordingly, we abated the appeal on July 21, 2003 and ordered a supplemental record to include, in compliance with rule 25.2(a)(2), the trial court's certification of Anzualda's right of appeal. *See* Tex. R.App. P. 25.2(a)(2). We received a supplemental record on July 30, 2003 that includes the trial court's certification of Anzualda's right of appeal. We now turn to the merits.

## II.  WAIVER

■ Anzualda challenges the admission in evidence of State's exhibits 53A, 53B, 54A and 54B. The State offered two letters Anzualda wrote from jail to an attorney who represented a co-defendant charged by separate indictment with the same murder. Anzualda objected to their admission as follows:

> [W]hile he may have extensive experience identifying the handwriting of Amador Anzualda, he has testified himself that they contained more than one

mistruth, although there might be some truths in there, it contains more than some untruths, and the purpose for them offering this is that it's true, and if-if he already knows some of the facts in there are not true, and he is testifying to that, then this is hearsay and unreliable and would serve no purpose other than to confuse the jury, and they will never know which portions were true and which portions were not true.

Anzualda asserted the same objection to admission of the envelopes in which the letters were mailed.[1] The trial court overruled the objections and admitted the four exhibits.

On appeal, however, Anzualda asserts that the trial court abused its discretion in admitting the letters and envelopes because they were protected under the attorney-client privilege. Anzualda did not object in the trial court on the basis of attorney-client privilege. Error is not preserved when the trial objection differs from the complaint raised on appeal. *Martinez v. State*, 867 S.W.2d 30, 40 (Tex. Crim.App.1993); *Coffey v. State*, 796 S.W.2d 175, 180 (Tex.Crim.App.1990). Even a claim of attorney-client privilege is subject to this general waiver rule. *Saur v. State*, 918 S.W.2d 64, 66 (Tex.App.-San Antonio 1996, no pet.). Anzualda did not preserve error for review on the basis of attorney-client privilege. *See id.*

We overrule Anzualda's sole issue. We affirm the judgment of conviction.

---

1.  The letters are exhibits 53A and 54A and the envelopes are exhibits 53B and 54B.