**Diane SAUR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–94–00716–CR.**

Court of Appeals of Texas, San Antonio.

Feb. 14, 1996.

Richard E. Langlois, Law Offices of Richard E. Langlois, San Antonio, for appellant.

Alan E. Battaglia, Assistant Criminal District Attorney, San Antonio, for appellee.

Before RICKHOFF, HARDBERGER and DUNCAN, JJ.

## OPINION

RICKHOFF, Justice.

Appellant, Diane Saur, appeals from a conviction of aggravated robbery—with a deadly weapon. In one point of error, appellant argues that the trial court erred in requiring defense counsel to surrender his copy of the juror information sheets after the selection of the jury but prior to opening statements. While we think it could be error for the trial judge to require the surrender of the information sheets, we also think no harm was shown under the record before this court. We affirm the judgment of the trial court.

■ Appellant's sole contention on appeal is that the trial court erred in ordering defense counsel to surrender his copy of the juror information sheets after the jury was selected but prior to the presentation of the case. Appellant argues that the information sheets contained notes made by defense counsel during voir dire which constituted work product and were privileged and necessary to defense counsel's effective assistance. At trial, defense counsel asserted his objection as follows:

MR. LANGLOIS: It's my understanding that you're going to confiscate my jury list.

THE COURT: Correct.

MR. LANGLOIS: I object. Your Honor, on the basis of that—client trial by jury. That it's, you know, can not be effective. I think in presenting my case, I do not know who the jurors are. It almost becomes an anonymous jury by taking my list away. I don't think that's the intent of the State. As an officer of the court I feel that I have the ethical legal obligation to conform with the state law, not to disclose any confidential information outside this courtroom. That includes aiding, assisting me in representing my client. And in accordance with the Fifth Amendment State constitutional statutory provision is if I'm required to give up my jury list, I don't think I can render effective assistance of counsel without the proper jury list being before me.

THE COURT: Well, indeed you are ordered to give it up.

MR. LANGLOIS: I'll also request, in the alternative, for the Court to prepare a jury list with their names at least.

THE COURT: They can sit where they want. What I will do, I'll let you sit right there right now and write down all of their names. The people already on the jury.

MR. LANGLOIS: Well, I understand that, Judge. But the only problem is I made notes as I went through these notes. I think they are critical for me in representing my client. I also have a—would you rule on that? That's part of my—

THE COURT: It's overruled.

■ Although defense counsel made reference to certain notes which he made on the information sheets, defense counsel did not request that he be allowed to copy such notes, in addition to the jurors' names. Nor did he ask to extract any of the basic information from the sheets. Defense counsel's only complaint to the trial court was that he would be unable to effectively assist his client without the notes, not that the notes were work product or privileged. Failure to make a request and obtain a ruling thereon precludes any finding of reversible error by the trial court. *Aguero v. State*, 818 S.W.2d 128, 133 (Tex.App.—San Antonio 1991, pet. ref'd). In addition, error is not preserved where the trial objection differs from the complaint raised on appeal. *Martinez v. State*, 867 S.W.2d 30, 40 (Tex.Crim.App.1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 2765, 129 L.E.2d 879 (1994). Since no objection was raised at trial regarding work product or attorney-client privilege, appellant failed to preserve error as to these complaints. We will, therefore, only consider whether the trial court erred in ordering defense counsel to surrender the information sheets and whether such error, if any, prevented defense counsel from effectively assisting appellant at trial.

■ TEX.CODE CRIM.PROC. art. 35.26 provides that the parties shall deliver their lists to the clerk after making their peremptory challenges. TEX.CODE CRIM.PROC.ANN. art. 35.26 (Vernon 1989). A distinction exists, however, between a "jury list," which only contains the names of the jurors, and the

"juror information sheets," which contain background information on each juror. *See, e.g., Easterling v. State,* 710 S.W.2d 569, 576 (Tex.Crim.App.), *cert. denied,* 479 U.S. 848, 107 S.Ct. 170, 93 L.Ed.2d 108 (1986) (noting record did not include either original jury list showing names of jurors called for jury duty or juror information sheets filled out by those appearing for jury duty); *Miles v. State,* 644 S.W.2d 23, 26 (Tex.App.—El Paso 1982, no pet.) (directing trial court to include jury cut list and any jury information sheets used in selecting jury and requesting sample jury information sheet if actual jury information sheets were unavailable). Furthermore, the facts in at least one case reveal that defense counsel are sometimes allowed to retain the juror information sheets. *See Kinnamon v. State,* 791 S.W.2d 84, 97 (Tex. Crim.App.1990), *overruled on other grounds by Cook v. State,* 884 S.W.2d 485 (Tex.Crim. App.1994).

In *Kinnamon,* appellant was alleging that the trial judge deprived him of effective assistance of counsel by refusing to testify regarding a conversation between the judge and a juror, which appellant alleged could show possible jury misconduct. 791 S.W.2d at 97–98. The conversation related to a question posed by a juror to the judge regarding appellant's access to the detailed juror information sheets. *Id.* The juror thought that she saw the defendant looking through the information sheets, although one of appellant's attorneys, who was seated next to appellant throughout trial, never observed appellant examining the sheets. *Id.* Obviously, in order for the appellant to have had access to the juror information sheets at the counsel table, defense counsel must have retained them.

 We hold that TEX.CODE CRIM.PROC. art. 35.26 only requires a party to deliver the jury lists, not the juror information sheets. TEX.CODE CRIM.PROC. art. 35.29 prohibits the court and litigants from disclosing personal information about jurors such as that contained in the information sheets; however, it does not authorize the court to order the delivery of the sheets to the clerk.[1] In cases where the protection of jurors is an issue, it may be appropriate to take up the information sheets at the conclusion of trial, with appropriate instruction to counsel about non-disclosure. It may also be appropriate where the trial judge has told the litigants that the information sheets will be collected after selection, thereby forewarning the litigants to make notes of the information they felt was necessary for their effective representation. In the absence of such a forewarning, however, trial counsel may be deprived of information they feel is necessary to try the case.

In some cases, with an appropriate record being made, collecting both the jury list and the information sheets, without warning counsel not to annotate them or without allowing counsel to transcribe them, could be reversible error. However, we are unable to conclude that harm resulted from the record in this case. Defense counsel failed to request permission to copy the notes he argued were essential to his effective assistance. Every request defense counsel posed after learning the trial judge's intent to collect the sheets was granted. Furthermore, defense counsel has failed to show how the absence of the notes prevented him from effectively assisting appellant. Therefore, appellant's point of error is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

HARDBERGER and DUNCAN, JJ., concur.

---

1. Unlike article 35.26, which was contained in the original codification in 1965 and relates back to article 637 of the 1925 code, article 35.29 was added by the legislature in 1993.