Edward ESPARZA, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–99–00153–CR.

Court of Appeals of Texas, San Antonio.

Sept. 20, 2000.

Alex J. Scharff, Campion & Campion, San Antonio, for appellant.

Edward F. Shaughnessy, III, Asst. Criminal Atty., San Antonio, for appellee.

Sitting: TOM RICKHOFF, Justice, ALMA L. LÓPEZ, Justice, SARAH B. DUNCAN, Justice.

## OPINION

ALMA L. LÓPEZ, Justice.

A jury found the appellant, Edward Esparza ("Esparza"), guilty of committing the offense of murder by strangling, hogtying, and beating the victim, Sylvia Gonzalez ("Sylvia"), with a blunt object. The jury sentenced Esparza to sixty-five years in prison. Esparza appeals his conviction in this appeal. Because we find no error, we affirm the judgment of the trial court.

### Juror Information Cards

In his first issue, Esparza complains that the trial court erred in refusing to disclose the juror information cards, in violation of article 35.29 of the Texas Code of Criminal Procedure. After the trial, Esparza filed a motion to unseal the juror information list, stating "[t]o properly receive effective assistance of counsel, the Defendant is in need of the juror information sheets to fully investigate possible jury misconduct." The trial court denied the motion. Esparza contends that his attorney had a duty to investigate possible jury misconduct to render effective assistance, and that possible jury misconduct showed "good cause" as to why the trial court should have disclosed the juror information cards.

Article 35.29 of the Texas Code of Criminal Procedure provides the following:

> Information collected by the court or by a prosecuting attorney during the jury selection process about a person who serves as a juror, including the juror's home address, home telephone number, social security number, driver's license number, and other personal information, is confidential and may not be disclosed by the court, the prosecuting attorney, the defense counsel, or any court personnel except on application by a party in the trial or on application by a bona fide member of the news media acting in such capacity to the court in which the person is serving or did serve as a juror. On a showing of good cause, the court shall permit disclosure of the information sought.

See TEX.CRIM. PROC.CODE ANN. art. 35.29 (Vernon Supp.2000). Juror information shall remain confidential except upon a showing of good cause. See Falcon v. State, 879 S.W.2d 249, 250 (Tex.App.—Houston [1st Dist.] 1994, no pet.). What constitutes good cause must necessarily be based upon more than a mere possibility that jury misconduct might have occurred. In this case, the request for the juror information cards was a general one which reflected only the desire to probe for possible, but unspecific, issues that might give rise to allegations of jury misconduct. Good cause must be based on more than mere conjecture; it must have a firm foundation. See, e.g., Hooker v. State, 932 S.W.2d 712, 716–17 (Tex.App.—Beaumont 1996, no pet.) (noting that defendant's attorney did not show good cause for obtaining access to juror's addresses and telephone numbers when she indicated that she had "a couple of thoughts" regarding the trial and wanted an opportunity to talk to the jury).

While not exactly on point, this court dealt with a similar issue—whether the defense attorney was required to surrender his copy of the juror information

sheets—in *Saur v. State*, 918 S.W.2d 64 (Tex.App.—San Antonio 1996, no pet.). In *Saur*, the defense attorney's only complaint to the trial court was that he would be unable to effectively assist his client without certain notes which he made on the juror information sheets. *See Saur*, 918 S.W.2d at 66. The defense attorney, however, did not request that he be allowed to copy such notes, in addition to the juror's names. *See id.* We held that the trial court did not err because the defense attorney failed to show how the absence of the notes prevented him from effectively assisting his client. *See id.* at 67. Like *Saur*, the defense attorney in the instant case failed to show how access to juror information cards would prevent him from effectively rendering assistance to Esparza.

Because Esparza failed to show good cause, the trial court did not err when it denied Esparza's request for the disclosure of the juror information cards. *See Hooker*, 932 S.W.2d at 717; *Saur*, 918 S.W.2d at 67. Accordingly, we overrule this issue.

### Admissibility of Testimony

In his second issue, Esparza complains that the trial court erred in excluding the testimony of Alicia Gonzalez, the victim's sister, to the effect that Sylvia had been threatened by another person other than Esparza. Specifically, Esparza claims Alicia's testimony was admissible under the "statement against interest" and "present sense impression" exceptions of the hearsay rule.

 Whether evidence falls within an exception to the hearsay rule is a matter to be resolved by the trial court. The trial court has wide discretion in determining the admissibility of the evidence. *Johnson v. State*, 698 S.W.2d 154, 160 (Tex.Crim. App.1985); *Reidweg v. State*, 981 S.W.2d 399, 403 (Tex.App.—San Antonio 1998, pet. denied). To justify reversal on this basis, a defendant must show that the trial court clearly abused its discretion in excluding

admissible evidence. *See Johnson*, 698 S.W.2d at 160; *Reidweg*, 981 S.W.2d at 403. Error cannot be based upon a trial court's ruling that excludes or admits evidence unless a substantial right of the party is affected. *See* Tex.R. Evid. 103(a); Tex.R.App. P. 44.2(b); *Ethington v. State*, 819 S.W.2d 854, 858 (Tex.Crim.App.1991).

In the instant case, before the defense attorney began his case-in-chief, the trial court conducted a hearing outside the jury's presence in order to determine the admissibility of the proffered testimony of Alicia Gonzalez, the victim's sister. Alicia testified that she had a conversation with Sylvia, two months before Sylvia's death, at which time Sylvia stated that someone had left a photograph in her car. The photograph depicted a man who appeared to have died as a result of strangulation. Alicia testified that Sylvia said there was a message on the back of the photograph which said something similar to "this could happen to you." Alicia declared that she had never seen the photograph or the written message on the back. The trial court ruled that Alicia's testimony was inadmissible.

 Esparza contends that Alicia's testimony was admissible under an exception to the hearsay rule as a statement against interest, in accordance with Rule 803(24). Hearsay, defined as "a statement, other than one made by the declarant while testifying at the trial or hearing [and] offered into evidence to prove the truth of the matter asserted," is not admissible unless otherwise allowed by law. *See* Tex.R. Evid. 801(d), 802. When deciding whether the hearsay exception of a statement against interest is admissible under Rule 803(24), the trial court must determine: (1) whether the statement in question tends to expose the declarant to criminal liability, and (2) if there are corroborating circumstances that clearly indicate the trustworthiness of the statement. *See* Tex.R. Evid. 803(24); *Bingham v. State*, 987 S.W.2d 54, 57 (Tex.Crim.App.

1999). If both of these criteria are met, then Rule 803(24) is satisfied. *See Bingham*, 987 S.W.2d at 57. The requirements for a corroboration of a statement against interest must be sufficiently convincing to clearly indicate the trustworthiness of the statement. *See Dewberry v. State*, 4 S.W.3d 735, 751 (Tex.Crim.App.1999), *cert. denied*, —— U.S. ——, 120 S.Ct. 2008, 146 L.Ed.2d 958 (2000). A trial court should consider a number of factors: (1) whether the guilt of a declarant is inconsistent with the guilt of a defendant; (2) whether the declarant was so situated that he might have committed the crime; (3) the timing of the declaration; (4) the spontaneity of the declaration; (5) the relationship between the declarant and the party to whom the statement is made; and (6) the existence of independent corroborative facts. *See Dewberry*, 4 S.W.3d at 751; *Bingham*, 987 S.W.2d at 58.

■ In the instant case, Esparza has misconstrued the application of Rule 803(24). Here, the declarant was Sylvia, the victim. Alicia's testimony did not expose Sylvia to criminal liability, nor was it sufficiently trustworthy under any of the factors in *Dewberry*. *See Dewberry*, 4 S.W.3d at 751. Because neither criteria are satisfied in the application of Rule 803(24), Alicia's testimony is not construed as a statement against interest. Therefore, Esparza fails to demonstrate how the trial court's exclusion of Alicia's testimony on this basis was an abuse of discretion.

■ In addition, Esparza contends that Alicia's testimony is admissible as an exception to the hearsay rule as a present sense impression under Rule 803(1). Rule 803(1) defines a present sense impression as "a statement describing or explaining an event or condition made while the defendant was perceiving the event or condition, or immediately thereafter." *See* Tex.R. Evid. 803(1). The rationale for the exception stems from the contemporaneity of the statement, not its spontaneity. *See Rabbani v. State*, 847 S.W.2d 555, 560 (Tex.Crim.App.1992), *cert. denied*, 509 U.S.

926, 113 S.Ct. 3047, 125 L.Ed.2d 731 (1993). Statements of present sense impression possess the following safeguards which render them reliable: (1) the report at the moment of the thing then seen, heard, etc., is safe from any error from defect of memory of the declarant; (2) there is little or no time for a calculated misstatement; and (3) the statement will usually be made to another (the witness who reports it) who would have the equal opportunity to observe and hence to check a misstatement. *See id.*

■ In the instant case, Esparza did not identify the event or condition Sylvia was perceiving when she allegedly told Alicia about the photograph and the written message on back of the photograph. In fact, Esparza has not indicated when Sylvia received the photograph or how long Sylvia had the photograph before her conversation with Alicia. Without these indications, Alicia's statements were not reliable. As a result, the trial court properly excluded the testimony. *See id.* Because the trial court properly excluded Alicia's testimony, we overrule this issue.

### Due Process

In his third issue, Esparza complains that he was denied his right to due process of law when the trial court excluded the testimony of Alicia Gonzalez. Specifically, Esparza contends that the exclusion of this testimony violated the due process clause because it rendered the trial fundamentally unfair.

■ Due process requires a fair trial before a fair tribunal. *See In re Murchison*, 349 U.S. 133, 136, 75 S.Ct. 623, 99 L.Ed. 942 (1955); *Norris v. State*, 788 S.W.2d 65, 72 (Tex.App.—Dallas 1990, pet. ref'd). Few rights are more fundamental than that of an accused to present witnesses in his own defense. *See Chambers v. Mississippi*, 410 U.S. 284, 302, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973). In the exercise of this right, the accused must comply with the established rules of procedure

and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence. *See id.* Where constitutional rights directly affecting the ascertainment of guilt are implicated, the hearsay rule may not be applied mechanically to defeat the ends of justice. *See id.*

In the instant case, Esparza argues that the evidence sought to be admitted was absolutely exculpatory to him because it came from a reliable source and was the type of "smoking gun" evidence that Esparza needed to support his defense theory—that two unidentified men burst into his mother's apartment and killed Sylvia. Esparza maintains that the excluded evidence was "crucial, critical, and highly significant" to this case. *See Pemberton v. Collins,* 991 F.2d 1218, 1227 (5th Cir.1993), *cert. denied,* 510 U.S. 1025, 114 S.Ct. 637, 126 L.Ed.2d 596 (1993). However, Esparza was not denied a fair trial by the application of the hearsay rules to exclude evidence that the victim had spoken about a threat from a third person because the trial court properly excluded Alicia's testimony as hearsay. Accordingly, we overrule this issue.

Having overruled each of Esparza's issues on appeal, we affirm the judgment of the trial court.