Reversed and Remanded and Majority and Concurring Opinions filed October
31, 2006








Reversed and Remanded and Majority and Concurring Opinions filed October
31, 2006.

 

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-05-00508-CR

_______________

 

JOHN ROBERT FISCHER, Appellant

 

v.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the County Criminal Court at Law No. 12


Harris County, Texas

Trial Court Cause No. 1239283 

                                                                                                                                       
        

 

M A J O R I T Y   O P I N I O N








This
case presents a question that has never been fully addressed by Texas courts:
whether a law enforcement officer=s observations of a DWI suspect,
dictated on videotape, are admissible as present sense impressions in the
suspect=s criminal prosecution.[1] 
Appellant John Robert Fischer was arrested for driving while intoxicated in
violation  of Texas Penal Code Ann. ' 49.04 (Vernon 2003).  The arresting
officer videotaped the traffic stop during which he administered field sobriety
tests to Fischer and dictated his observations and conclusions.  After the
trial court denied Fischer=s motion to suppress the audio component of the videotape,
Fischer entered a plea of no contest.  On appeal, Fischer contends the trial
court reversibly erred in admitting the officer=s recorded commentary as a present
sense impression because the evidence should have been excluded under Texas
Rule of Evidence 803(8)(B) as the functional equivalent of an offense report. 

We hold
that a law enforcement officer may not avoid the restrictions on the
evidentiary use of an offense report by simply dictating the substance of that
report.  Because we conclude the evidence at issue was erroneously admitted as
a present sense impression, and that such error affected Fischer=s substantial rights, we reverse and
remand.

I.  Factual and procedural background

On May
29, 2004, Texas Highway Patrol Trooper Abel Martinez was on patrol when he
observed Fischer driving without his seatbelt.  After Fischer parked his pickup
truck in the parking lot of his apartment complex, Martinez approached
Fischer.  A videotape mounted in Martinez=s patrol car recorded the stop.

After
informing Fischer that he had been stopped for not wearing a seatbelt, Trooper
Martinez stated he smelled alcohol and asked Fischer whether he had any alcohol
in the car; Fischer responded that he did not.  When Martinez asked Fischer
what he had been drinking, Fischer replied Athree wines.@  Martinez then instructed Fischer to
remain standing where he was, and Martinez returned to his patrol car. 
Martinez next verbally recorded that Fischer had Aglassy, bloodshot eyes@ and Aslurred speech@ and that he smelled Athe strong odor of alcoholic
beverage.@  








Martinez
returned to Fischer and directed him to stand Awhere my light is.@  This area was off-camera.  Martinez
then administered a horizontal gaze nystagmus (HGN) test out of the camera=s range.  After completing the exam,
Martinez repeated his instruction to Fischer to stand Awhere my light is.@  Martinez then returned to his
patrol car and recorded the following statements: ASubject has equal pupil size, equal
tracking, has a lack of smooth pursuit in both eyes, and has distinct nystagmus
at maximum deviation in both eyes.  Subject also has onset of nystagmus prior
to forty-five degrees in both eyes.@  Martinez also verbally recorded
that: (1) he saw a wine opener in the truck; (2) upon approaching Fischer=s vehicle he smelled a strong odor of
alcohol on Fischer=s breath; and (3) Fischer had glassy, bloodshot eyes and
slurred speech.

Next,
Martinez directed Fischer to stand in front of Martinez=s patrol car.  Martinez  administered
a heel-to-toe test which was recorded on the videotape.  At the conclusion of
the test, Martinez told Fischer, Astay right here,@ and Martinez returned to his
vehicle.  He then verbally recorded that Fischer had given Aseveral clues,@ including starting the test too
early without being instructed to do so, losing his balance while being given
instructions, failing to touch his heel to his toe, stepping off of the line,
making an improper turn, and using his hands for balance.  

Martinez
again returned to Fischer and administered two Aone-leg stand@ tests.  After the tests were
completed, Martinez once again instructed Fischer to remain standing where he
was and he returned to his patrol car.  At his vehicle, Martinez verbally
recorded that Fischer Agave several clues,@ including using his arms for
balance, swaying, hopping, and putting his foot down twice.  Martinez stated
that he gave Fischer Aa second chance to do it [and Fischer] indicated the same
clues.@  Martinez concluded, ASubject is going to be placed under
arrest for DWI.@  Martinez then returned to Fischer and arrested him for
driving while intoxicated.   








On May
4, 2005, Fischer filed a Motion to Suppress DWI Video in which he challenged
the proposed evidentiary use of the audio portion of the videotape,[2]
claiming that the audio contains Aa highly prejudicial and inflammatory
narrative of what [Martinez] would have the viewer to believe [he] was
observing and/or what was taking place.@  According to Fischer, AThese self-serving statements are
hearsay, bolstering, and highly prejudicial . . . .@ Following a hearing, the trial court
denied Fischer=s motion on the grounds that Martinez=s narrative qualified as a present
sense impression exception to the hearsay rule.[3] 
Fischer subsequently entered into a plea agreement and pleaded nolo
contendere.  In accordance with the plea agreement, the trial court assessed
punishment at 180 days= confinement, probated for one year, and a fine of $300.

II.  Issue Presented

In his
sole issue, Fischer contends the trial court erred in admitting the audio
portion of the videotape recording because it is hearsay and, contrary to the
trial court=s ruling, does not qualify under the present sense impression exception
to the hearsay rule.  Specifically, Fischer argues that the audiotaped
narrative is the functional equivalent of a law enforcement officer=s report of his observations, and is
therefore inadmissible under Texas Rule of Evidence 803(8)(B).[4] 
We interpret Fischer=s issue as presenting two overlapping arguments: first, that
the evidence is not admissible as present sense impression, and second, that
the evidence consists of a law enforcement officer=s observations of matters he had a
duty to observe and report, which may not be admitted for the truth of the
matters asserted in a criminal prosecution. 

III.  Preservation of
Error

Because
the State contends Fischer has not preserved error, we begin our analysis by first
addressing this argument.








The
State points out that an objection to the admission of evidence must specify
and identify the grounds of the objection, and where only part of an exhibit is
admissible, the appellant must have made a specific objection to the
inadmissible part of the exhibit at trial to preserve his complaint on appeal. 
See Hernandez v. State, 599 S.W.2d 614, 617 (Tex. Crim. App. 1980) (op.
on reh=g); Riley v. State, 988 S.W.2d
895, 898 (Tex. App.CHouston [14th Dist.] 1999, no pet.) (holding that the
appellant=s Aconclusory objection to the entire
audio portion [of the offered videotape] was not specific, and is inadequate to
preserve this error for appeal@).  Fischer concedes that some of Martinez=s questions and Fischer=s answers would be admissible[5]
and asks this court to order a new trial Awith the audio portion of the scene
tape [sic] redacted to exclude the improper hearsay.@  Because Fischer does not identify
the objectionable portions of the recording by referring to lines on a
transcript, elapsed time on the videotape, or by quoting the material, the
State contends any error is waived.  We disagree.








If the
defendant=s objection or motion to suppress is timely and sufficiently specific to
inform the trial court of the nature of the complaint, the complaint is
preserved for appeal.  Ex parte Little, 887 S.W.2d 62, 65B66 (Tex. Crim. App. 1994) (addressing
objections); Porath v. State, 148 S.W.3d 402, 413 (Tex. App.CHouston [14th Dist.] 2004, no pet.)
(applying the same standard to motions to suppress).  At the hearing on his
motion to suppress, Fischer clarified that he objected to the narrative
portions of the audio recording, and the record demonstrates the trial court
understood his objections:

Counsel:         [My objection to the offered portion
of the tape is that Martinez] starts a narrative even before he pulls Mr.
Fischer over.  He narrates outside the presence of the defendant, gets in his
car, makes all theseCI mean, grandiose statements that really appear to be
being read from something that he=s
got in his car.  We can=t see the speaker.  All we get to hear is his
narration . . . I counted five different places where heChe starts his narrative before he stops the car . . .
He goes into his car and makes a greater narrative outside the presence of the
video recorder and outside the presence of the defendant.

The Court:      You=re
talking about when he talks about what he observed regarding seat belt, slurred
speech, red bloodshot eyes, I smelled the odor of alcohol?

Counsel:         And after every test he performed, he
leaves the defendant, goes and gets in his car and narrates.

The Court:      Okay . . . .

* * * * *

Counsel:         It=s
the same reason we don=t let in offense reports, officers put their present
sense impressions on the offense reports.  We don=t let those in and that=s because of
theCthe prejudicial effect far outweighs any probative
value.  Judge, I=m not clear if on the record, if yourCif I have a ruling on that yet and it was in my
motion, but I didn=t argue it.

The Court:      It probably wasn=t on the record.  I did understand
that to beCit wasn=t clear.  I did understand that to be your objection, and that is also
overruled.

After
reviewing the videotape and the transcript of the hearing on the motion to
suppress, we conclude the trial court (a) understood that Fischer objected to
admission of Martinez=s narrative recitation of his observations, (b) understood
the grounds for Fischer=s objections, and (c) ruled on the objections.  Accordingly,
we hold Fischer preserved error. 








IV.  Standard of Review

Generally,
a trial court=s ruling on a motion to suppress is reviewed under an abuse of discretion
standard.  Dyar v. State, 125 S.W.3d 460, 462 (Tex. Crim. App. 2003). 
When there are no written findings in the record, we must view the evidence in
the light most favorable to the trial court=s ruling and uphold the ruling on any
theory of law applicable to the case.  State v. Ross, 32 S.W.3d 853, 855B56 (Tex. Crim. App. 2000).  But, if
the case presents a question of law based on undisputed facts, we perform a de
novo review.  Mason v. State, 116 S.W.3d 248, 256 (Tex. App.CHouston [14th Dist.] 2003, pet. ref=d) (AThe court reviews de novo
those questions not turning on credibility and demeanor.@).

V.  Discussion

A.        Context of Fischer=s Argument

Fischer
objected to the admission of Martinez=s narrative on the grounds that his
comments were hearsay.  The general rule against the admission of hearsay
statements is based on their inherent unreliability.  See Green v. State,
876 S.W.2d 226, 228 (Tex. App.CBeaumont 1994, no pet.)  However, certain exceptions to that
rule have been created for statements which have other indicia of reliability. 
See Rabbani v. State, 847 S.W.2d 555, 560 (Tex. Crim. App. 1992) (en
banc) (discussing indicia of reliability underlying present sense impression
exception); Sneed v. State, 955 S.W.2d 451, 453 (Tex. App.CHouston [14th Dist.] 1997, pet. ref=d) (noting exceptions to hearsay rule
are based on trustworthiness of certain evidence).  A present sense impression
is one such exception to the hearsay rule, and it is this exception that the
trial court applied in admitting the evidence.[6] 
See Tex. R. Evid. 803(1). 
Fischer contends that Martinez=s narrative is not admissible as a present sense impression
but is instead an offense report that cannot be admitted for the truth of the
matter asserted in his prosecution.








Rule
803(8)(B) excludes the following materials from the general rule excluding
hearsay: A[R]ecords, reports, statements, or data compilations, in any form, of
public offices or agencies setting forth matters observed pursuant to duty
imposed by law as to which matters there was a duty to report, excluding,
however, in criminal cases matters observed by police officers and other law
enforcement personnel . . . .@ (emphasis added).[7] 
On its face, Martinez=s recording consists of matters observed by a law enforcement
officer as described in Rule 803(8)(B).  Thus, Fischer argues that Martinez=s recorded narrative is the
functional equivalent of a law enforcement officer=s report of his observations and
should have been excluded.[8]  See Gomez
v. State, 35 S.W.3d 746, 748 (Tex. App.CHouston [1st Dist.] 2000, pet. ref=d) (stating that a police officer=s offense report Ais not admissible because it is
expressly excepted from the exclusion to the hearsay rule for public records
under Rule of Evidence 803(8)(B).@); Thompson v. State, No.
12-03-00014-CR, 2003 WL 22839810, at *4 (Tex. App.CTyler Nov. 26, 2003, pet. ref=d) (mem. op., not designated for
publication) (holding that the trial court erred in admitting the audio portion
of a videotape containing a police officer=s commentary while following the
defendant because such commentary is hearsay and does not fall within an
exception for admission at trial).[9]








The
State responds that Texas courts have not yet addressed the question of whether
the observational statements of law enforcement personnel made during an
investigation and captured on videotape constitute a present sense impression. 
Consequently, the State urges us to look to selected cases from other
jurisdictions and from the federal courts for guidance.








The
State first relies on State v. Blubaugh, 904 P.2d 688 (Utah Ct. App.
1995).  In Blubaugh, the appellant challenged the trial court=s admission of a police officer=s videotape of the appellant=s home, and argued, inter alia,
that the audio portion of the videotape containing a narrative by one of the
officers was hearsay.  See id. at 700.  The court of appeals upheld the
trial court=s ruling, concluding that A[b]ecause the officer=s narrative was made while perceiving
defendant=s home, the narrative was admissible hearsay@ under Utah Rule of Evidence 803(1). 
Id.  However, the Blubaugh opinion contains no discussion of
whether the tape was inadmissible under the Utah analogue of Rule 803(8)(B).[10] 
Moreover, there is no indication that the appellant objected to the narrative
on the grounds that, although the evidence arguably qualified as a present
sense impression and would normally be excepted from the hearsay rule, it
nevertheless was inadmissible because the evidence consisted of the
observations of law enforcement personnel offered for the truth of the matter
asserted.  Thus, the narrow issue before us was not presented in Blubaugh,
but rather, appears to have been waived. 

The
State also relies on Green, 876 S.W.2d at 227B28 (finding no error in trial court=s admission of police officer=s testimony repeating the present
sense impressions of witnesses running from gunfire); Houston Oxygen Co. v.
Davis, 139 Tex. 1, 5B6, 161 S.W.2d 474, 476B77 (Tex. 1942) (holding the trial
court erred in failing to admit into evidence in a civil case the present sense
impressions of witnesses regarding the speed of passing car); United States
v. Hawkins, 59 F.3d 723, 730 (8th Cir. 1995) (finding the trial court did
not err in admitting tape of appellant=s wife=s 911 call as a present sense
impression), vacated on other grounds, 516 U.S. 1168, 116 S. Ct. 1257,
134 L. Ed. 2d 206 (1996).  But, these cases contain no indication that the
declarant was a law enforcement officer and do not raise the question of
whether the narrative observations of law enforcement personnel are admissible
under facts similar to those presented here.  Specifically, a review of Martinez=s comments on the videotape reveals
what can only be interpreted as a clinical recitation of observations that
would generally have been the subject of a written offense report.  The
difference here is that Martinez recorded his observations contemporaneously
with the investigation, in addition to any written records of his observations
that he may have prepared after Fischer=s arrest.  

In sum,
the comments Martinez narrated out of Fischer=s presence show that Martinez
essentially dictated the substance of an offense report:

Stop . . .
[unintelligible] wasn=t wearing his seatbelt.

I observed
the offense at Space Center Boulevard and NASA Road One.

Subject has
glassy, bloodshot eyes, also has slurred speech, smelled the strong odor of
alcoholic beverage.

Subject has
equal pupil size.








Subject has
equal pupil size, equal tracking, has a lack of smooth pursuit in both eyes,
and has distinct nystagmus at maximum deviation in both eyes.

Subject
also has onset of nystagmus prior to forty-five degrees in both eyes.  See no
vertical nystagmus . . . I see a wine opener inside the truck.  When I approached
the vehicle, I smelled a strong odor of alcohol beverage coming from his
breath.  It got more intense as he spoke to me out here.  He=s got glassy, bloodshot eyes.  He=s got slurred speech.

Subject
gave several clues: tried to start too soon without being instructed to do so,
lost balance while he was standing in position and I was giving instructions,
failed to touch heel to toe several times, stepped off line two times, made an
improper turn, used hands for balance.

Subject
gave several clues: used his arms for balance, swayed while balancing, hopped
while doing the test, put his foot down twice . . . He indicated the same
clues.  

Considering Martinez=s comments on the videotape as they
are presented in this case, we address the narrow question of whether the trial
court erred by holding, in effect, that by making a contemporaneous recording,
Martinez converted observations that would generally be the subject of a report
by law enforcement personnel, and hence inadmissible in a criminal prosecution
for the truth of the matter asserted, into an admissible present sense
impression.[11] 

B.        The Rationale for Admitting
Present Sense Impressions








A
present sense impression is a statement describing or explaining an event or
condition made while the declarant was perceiving the event or condition, or
immediately thereafter.  Tex. R. Evid.
803(1).  The present sense impression exception to the hearsay rule is based
upon the premise that the contemporaneity of the event and the declaration
ensures reliability of the statement.  Brooks v. State, 990 S.W.2d 278,
287 (Tex. Crim. App. 1999).  The rationale underlying the present sense
impression is that: (1) the statement is safe from any error of the defect
of memory of the declarant because of its contemporaneous nature,
(2) there is little or no time for a calculated misstatement, and
(3) the statement will usually be made to another (the witness who reports
it) who would have an equal opportunity to observe and therefore check a
misstatement.  Rabbani, 847 S.W.2d at 560; Esparza v. State, 31
S.W.3d 338, 342 (Tex. App.CSan Antonio 2000, no pet.).  

Certain
properties of present sense impressions render them more reliable than other
hearsay statements, and hence, admissible.  But, the factors that render
present sense impressions reliable may not apply to the observations of law
enforcement personnel. Regarding the first Rabbani factor, present sense
impressions are admissible because the statement is Asafe from any error of the defect of
memory of the declarant because of its contemporaneous nature.@  Rabbani, 847 S.W.2d at 560. 
However, in construing Rule 803(8)(B), the Court of Criminal Appeals has stated
that observations of law enforcement personnel are unreliable not because there
is a time lapse between the time the observation is made and the time it is
recorded, but because the observations are made in an adversarial setting.  See
Cole v. State, 839 S.W.2d 798, 808B09 (Tex. Crim. App. 1990) (en banc)
(op. on reh=g).  Because contemporaneous recording of the officer=s observations does not address the
cause of their unreliabilityCi.e., the adversarial relationship between the officer and
the defendantCthe observations are not made more reliable simply because they are
recorded contemporaneously.  








Under
the second Rabbani factor, present sense impressions are presumed
reliable because Athere is little or no time for a calculated misstatement.@  Rabbani, 847 S.W.2d at 560. 
We do not presume that recordings of law enforcement personnel=s observations are unreliable because
the officers have time between observing and recording to fabricate a
misstatement, but because law enforcement personnel and those under their
observation are adversaries.  The adversarial relationship is unrelated to the
temporal relationship between an officer=s observations and his recording of
those observations.  See Perry v. State, 957 S.W.2d 894, 898B99 (Tex. App.CTexarkana 1997, pet. ref=d) (stating that police reports are
excluded from criminal matters Abased on the presumption that observations by an officer at a
scene of a crime are not as reliable as observations by other public
officials . . . due to the adversarial nature of the
confrontation between the defendant and the police in the criminal context.@).  Moreover, this Rabbani factor
presumes that the observer requires some time between making the observation
and recording the observation to create a fabricated misstatement and discounts
the possibility that the declarant could decide upon the content of his
misstatement prior to, contemporaneously with, or in lieu of the observation. 
Although that risk exists with any present sense impression, the risk is
magnified here because the parties occupy adversarial positions and the
declarant has Aan inherent motive to distort@ the report.  See Garcia v. State,
868 S.W.2d 337, 341 (Tex. Crim. App. 1993) (stating that, in determining
whether a report was prepared by Alaw enforcement personnel,@ courts should consider whether the
declarant=s position gave him Aan inherent motive to distort@ the report of his observations). 
Additionally, the State identified Martinez as an Aexpert in detection of intoxicated
individuals, [and] administration of Standardized Field Sobriety Tests
including the Horizontal Gaze Nystagmus Test . . . .@  As applied to this case, the Rabbani
presumption that a statement describing an observation is more reliable if
made contemporaneously implies that Martinez required time after making
the observation to calculate a statement.  However, it is equally reasonable to
presume that Martinez, as an expert, was fully cognizant of the signs necessary
to prove intoxication before he made any observations of Fischer.  The presumption
that contemporaneity increases reliability is less persuasive on these facts,
when applied to the unsworn observations of an adversarial expert witness at
the scene of the investigation and arrest.[12]








C.        The Requirements for
Admitting Present Sense Impressions

Although
the factors discussed above illustrate the underlying rationale for admitting
present sense impressions, Aa general justification for admission is not the same as a
requirement.@  2 George E. Dix et al., McCormick on Evidence ' 271, at 254 (Henry Brandis, ed., 6th
ed. 2006).  In considering those requirements, we are mindful that the Texas
Rules of Evidence Aare patterned after the Federal Rules of Evidence, and cases
interpreting federal rules should be consulted for guidance as to their scope
and applicability . . . .@  Cole, 839 S.W.2d at 801.  













To be
admissible as a present sense impression, a statement must (a) describe or
explain an event or condition, (b) be expressed by the person who made the
observation, and (c) be made contemporaneously with or immediately after the
observation.  See Tex. R. Evid. 803(1). 
Opinions and calculated statements do not qualify as present sense
impressions.  See Houston Oxygen Co., 139 Tex. at 6, 161 S.W.2d
at 476 (admitting a present sense impression made when A[t]here was no time for a calculated
statement.@) (emphasis added); Anderson v. State, 15 S.W.3d 177, 183B84 (Tex. App.CTexarkana 2000, no pet.) (holding the
trial court erred in admitting victim=s out-of-court statements that she
was afraid of the appellant because A[the statements] express an opinion
or conclusion . . . .@); Beauchamp v. State, 870 S.W.2d 649, 652 (Tex. App.CEl Paso 1994, pet. ref=d) (AWe do not believe that a statement of
opinion about a condition or event, as opposed to a statement of
description or explanation about something observed or otherwise sensed,
qualifies as a present sense impression.@).  Some courts and commentators
additionally state that a narrative does not qualify as a present sense
impression.  See, e.g., Cody v. Harris, 409 F.3d 853, 860 (7th Cir.
2005) (AThe three criteria
for admission of a statement as a present sense impression are: >(1) the statement
must describe an event or condition without calculated narration; (2) the speaker must have
personally perceived the event or condition described; and (3) the statement
must have been made while the speaker was perceiving the event or condition, or
immediately thereafter.=@) (emphasis added) (quoting United States v.
Ruiz, 249 F.3d 643, 646 (7th Cir. 2001)); United States v. Mitchell, 145 F.3d 572, 576 (3d
Cir. 1998) (A[T]he declaration must be an explanation or description of the event
rather than a narration . . . .@ (citing 5 Joseph M.
McLaughlin, Weinstein=s Federal Evidence ' 803.03 (2d  ed.
1997) and 2 John William Strong, McCormick on Evidence ' 271 (4th ed. 1992))); Alexander v.
Cit Tech. Fin. Servs., Inc., 217 F. Supp. 2d 867, 882B83 (N.D. Ill. 2002) (Athe statement must describe an event
or condition without calculated narration . . . .@ (citing United States v. Earley, 657 F.2d 195 (8th
Cir. 1981))); Peterkin
v. Horn, 176 F. Supp. 2d 342, 361 (E.D. Pa. 2001) (A[T]he declaration must be an
explanation or description of the event rather than a
narration . . . .@); United States v. DesAnges, 921 F. Supp.
349, 359 n.8 (W.D. Va. 1996) (noting that present sense impressions are Ahighly trustworthy@ because Athere is little or no time for
calculated misstatement . . . .@); Green v. St. Francis Hosp.,
Inc., 791 A.2d 731, 736 (Del. 2002) (in interpreting Delaware=s present sense impression rule,
which mirrors the Texas and federal rules, and stating that an admissible
present sense impression must not be a narration); Donahue v. Commonwealth, 
300 S.E.2d 768, 772 (Va. 1983) (excluding a note offered as a present sense
impression because it Awas more akin to a narrative statement than [a]
contemporaneous declaration . . . .@); see also Houston Oxygen Co.,
139 Tex. at 6, 161 S.W.2d at 476 (admitting a present sense impression made
when A[t]here was no time for a calculated
statement.@) (emphasis added); United States v. Guevara, 277 F.3d 111, 127
(2d Cir. 2001) (affirming trial court=s exclusion of conversations recorded
by police officer and stating that the trial court=s Adetermination that [the declarant=s] statements did not constitute >present sense impressions= or >excited utterances= because they were conclusions based
upon information [the declarant] had processed rather than contemporaneous or
spontaneous statements that were inherently trustworthy, was neither arbitrary
nor irrational.@).  

Not all
courts expressly exclude narratives from present sense impressions, as is
illustrated by two of the cases on which the State relies.  See United
States v. Rideout, 80 F. App=x. 836, 843 (4th Cir. 2003) (not
designated for publication), vacated on other grounds, 543 U.S. 1116,
125 S. Ct. 1109, 160 L. Ed. 2d 989 (2005); Blubaugh, 904 P.2d at 700.[13] 
However, as the cases cited above illustrate, the majority of courts that have
considered whether narratives qualify as present sense impressions hold that
they do not.  








Moreover,
our analysis is unaffected by Rideout and Blubaugh, cited previously. 
Inasmuch as Rideout has been vacated, we do not find it more persuasive
than the many federal cases holding narratives inadmissible as present sense
impressions.  We also find Blubaugh unpersuasive.  In Blubaugh,
the appellant was convicted of the murder of a child, and among the other
issues raised on appeal, he challenged the trial court=s admission of a videotape of his
messy home.  Blubaugh, 904 P.2d at 699.  The appellate court held that
the tape was irrelevant: aside from presenting an unnecessary view of the
location of the crime, it provided no evidence of the crime charged.  Id.
at 700.  However, the court found the trial court=s error in admitting the video
harmless because the case turned on other evidence.  Id.  The trial
court also overruled the appellant=s objection to a police officer=s narrative contained in the audio
portion of the same tape.  Citing Utah Rule of Evidence 803(1), the appellate
court stated, ABecause the officer=s narrative was made while perceiving defendant=s home, the narrative was admissible
hearsay.@  Id. (emphasis added). 
Because no other description of the narrative is given, we presume the narrative
consists of the officer=s perceptions of the home.  Thus, the video and audio
portions of the tape would both seem to present irrelevant evidence concerning
appellant=s residence.  Considering that the trial court=s admission of the video was held to
be harmless error based on its content, we do not find the opinion
well-reasoned in holding a narrative of similar content admissible.  Accordingly,
we conclude that narratives as well as opinions and calculated statements are
not admissible as present sense impressions.

D.        Application
to the Martinez Audio Recording

After a
careful review of the recording at issue, we hold that Martinez=s recorded commentary does not
qualify as a present sense impression.  Instead, his comments are a calculated
narrative statement in which Martinez does not merely explain or describe
events, but participates in and even creates some of the events he reports in
the course of collecting evidence.  For example, most of Martinez=s observations simply describe
Fischer=s responses to the sobriety tests
that Martinez selected and administered and about which he was designated as an
expert witness at trial.  If Martinez had not chosen to conduct these tests,
there would have been no response for him to observe.  It therefore appears
that Martinez recorded his comments not as an objective observer, but as a law
enforcement officer, as a lay witness, and as an expert witness cataloging
evidence and opinions for use in Fischer=s prosecution.  See Emerson v.
State, 880 S.W.2d 759, 769 (Tex. Crim. App. 1994) (en banc) (stating that a
witness may testify regarding a defendant=s performance on the horizontal gaze
nystagmus test if the witness is qualified as an expert in the administration
and technique of the test); Plouff v. State, 192 S.W.3d 213, 223 (Tex.
App.CHouston [14th Dist.] 2006, no pet.
h.) (stating that an officer=s testimony based on observations of the one-leg stand and
walk-and-turn test Ais considered lay witness opinion testimony under Tex. R. Evid. 701 . . . .@) (emphasis added).  As previously
noted, statements of opinion, whether of a lay witness or an expert, are not
present sense impressions.  See Anderson, 15 S.W.3d at 183B84.













Moreover,
we agree with Fischer=s contention that, under the facts presented in this case,
Martinez=s narrative is the functional
equivalent of a police report or offense report offered for the truth of the
matter asserted.[14]  First, the
observations and the recording were made in an adversarial setting.  Martinez
begins by stating that he observed Fischer driving without a seatbelt, and the
video shows that Martinez followed Fischer to the parking lot of his apartment
complex where he stopped Fischer.  Martinez then stated he smelled alcohol and
investigated whether Fischer had committed the offense of driving while
intoxicated.  This investigation culminated in Fischer=s arrest.  Thus, Martinez=s comments cannot be construed as
anything other than the observations of law enforcement personnel Aat the scene of the crime or the
apprehension of the defendant@ that are specifically targeted by Rule 803(8)(B).  See
S. Rep. No. 93-1277 (1974), as reprinted in 1974 U.S.C.C.A.N. 7051,
7054; Cole, 839 S.W.2d at 811B12 (quoting legislative history of Fed. R. Evid. 803(8)(B) and stating
that the Rule does not Aexclude only >offense reports= pertaining to observations at the
scene of the crime or arrest . . . .@); see also Baker v. State,
177 S.W.3d 113, 122B23 (Tex. App.CHouston [1st Dist.] 2005, no pet.) (A[H]ad the State attempted to offer
Officer Green=s actual report into evidence to prove that the observations contained in
it were true, the report would properly have been excluded as inadmissible
hearsay under rule 803(8)(B), given that Officer Green is a law-enforcement
officer and that the report he prepared contains his observations.@); United States v. Quezada,
754 F.2d 1190, 1194 (5th Cir. 1985) (distinguishing documents Arecording routine, objective
observations@ from those excluded by Fed. R.
Evid. 803(8)(B) on the grounds that Athe factors likely to cloud the perception
of an official engaged in the more traditional law enforcement functions of
observation and investigation of crime are simply not present.@); State v. Leonard, 104 Ohio
St. 3d 54, 2004-Ohio-6235, 818 N.E.2d 229, 258 (Ohio 2004) (AThe police reports are inadmissible
hearsay and should not have been submitted to the jury.@).[15] 


Martinez=s observations were made and recorded
as part of his investigation of a crime and were made in connection with a
specific criminal case.  Thus, we are presented here with precisely the type of
evidence singled out as unreliable by Rule 803(8)(B).  The narrative was made
(a) at the scene of the traffic stop, (b) by the investigating and arresting
trooper, (c) in the course of investigating (d) and arresting the person
about whom the observations were made, and (e) the statements at issue
were made outside of the presence of the person observed.   Under these
circumstances, admitting this report simply because it was dictated
contemporaneously with or immediately after making the observations it contains
would be Ainconsistent with the intended effect@ of Rule 803(8)(B).  See Cole,
839 S.W.2d at 806.  

Because
the recorded narrative does not qualify for admission as a present sense
impression and must be excluded as the report of a law enforcement officer=s observations made and recorded
pursuant to a duty imposed by law, we hold that the trial court erred in
denying Fischer=s motion to suppress.  

E.        Harm
Analysis








The
erroneous admission of hearsay is nonconstitutional error.  See Johnson v.
State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).  Nonconstitutional
errors require reversal only if they affect substantial rights.  Tex. R. App. P. 44.2(b); see also
Anderson v. State, 182 S.W.3d 914, 919 (Tex. Crim. App. 2006) (AThe question for us to decide in
applying Rule 44.2(b) to the failure to give an
admonition is, considering the record as a whole, do we have a fair assurance
that the defendant=s decision to plead guilty would not have changed had
the court admonished him?@) (emphasis added).

Before
the trial court ruled on Fischer=s motion to suppress, the case was
set for a jury trial.  After the trial court denied the motion, Fischer entered
into a plea agreement with the State.  Fischer=s counsel stated on the record that
if the motion had been granted, Fischer would not have entered a plea of nolo
contendere but would have tried the case.  Because the right to a jury trial in
a criminal prosecution is guaranteed by the federal and Texas constitutions,[16]
the erroneous admission of Martinez=s recorded narrative affected Fischer=s substantial rights.  

VI.  Conclusion

For the
reasons set forth above, we hold the trial court committed harmful error in
admitting the audio recording at issue.  Therefore, we reverse and remand this
cause for proceedings consistent with this opinion.

 

 

/s/         Eva M. Guzman

Justice

 

Judgment rendered and Majority and Concurring Opinions filed October
31, 2006.

Panel consists of Chief Justice Hedges and Justices Yates and Guzman. 
(Yates, J.,

concurring).

Publish C Tex. R. App.
P. 47.2(b).

 









[1]  Although similar issues have been presented in this
and other courts, the merits of the argument have never been fully addressed,
either because the issue was waived or because error, if any, was harmless in
light of other evidence.  Thus, despite its recurrence, there is no binding
precedent on this issue.  Here, however, the issue has been isolated for
review.  





[2]  Fischer does not contest the admission of the video
portion of the recording offered by the State.





[3]  The State offered, and the trial court admitted, only
those statements made prior to the time of Fischer=s arrest.





[4]  When offered for the truth of the matter asserted,
Texas Rule of Evidence 803(8)(B) generally bars the admission in a criminal
prosecution of reports, in any form, of the observations of matters observed
and recorded by law enforcement personnel under a duty imposed by law.  





[5]  A significant portion of the audio recording at
issue consists of Trooper Martinez=s
questions or instructions to Fischer.  These questions and instructions are not
statements offered to prove the truth of the matter asserted, and thus, are not
inadmissible hearsay.  See Tex.
R. Evid. 801(d) (defining hearsay as a statement, other than one made by
the declarant while testifying at trial or hearing, offered in evidence to
prove the truth of the matter asserted); Girard v. State, 631 S.W.2d
162, 164 (Tex. Crim. App. 1982) (holding that a statement offered only to prove
that it was made, and not for the truth of the matter asserted, is not
hearsay), overruled on other grounds, Geesa v. State, 820 S.W.2d 154
(Tex. Crim. App. 1991); Harrison v. State, 686 S.W.2d 220, 222 (Tex.
App.CHouston [1st Dist.] 1984, pet. ref=d) (permitting witness to testify he heard the
complainant ask for a controlled substance because a question is not hearsay); see
also Jones v. State, 795 S.W.2d 171, 172, 175 (Tex. Crim. App. 1990) (en
banc) (holding that police questioning incident to a videotaped sobriety test
is an A>activity normally attendant to arrest and custody= of a DWI suspect, not >interrogation=@; holding that the defendant=s audible responses are not per se inadmissible
following a request for counsel; and admitting the videotape in which officer Amade no comments other than those necessary to inform
appellant of her rights, determine whether she understood her rights, and
instruct her concerning the sobriety tests.@).





[6]  After hearing arguments from Fischer=s counsel, the trial court stated, AWell, I think it=s
okay; and I think it=s clearly present sense impression in accordance with
the rules of evidence.@





[7]  Although Rule 803(8)(B) would appear to bar the use
of such evidence by the defense as well as by the prosecution, courts have
construed the rule to permit the use of such report by a defendant.  See
Perry v. State,  957 S.W.2d 894, 898 n.1 (Tex. App.CTexarkana 1997, pet. ref=d) (A[E]valuative reports . . . are
admissible only in civil cases and against the government in criminal cases in
view of the almost certain collision with confrontation rights which would
result from their use against the accused in a criminal case.@) (quoting Fed.
R. Evid. 803(8),  Advisory Committee=s
Note); United States v. Smith, 521 F.2d 957 (D.C. Cir. 1975).





[8]  Martinez is a Texas Highway Patrol trooper, and the
Texas Highway Patrol is a division of the Department of Public Safety (ADPS@).  DPS Ais an agency of the state to enforce the laws
protecting the public safety and provide for the prevention and detection of
crime.@  Tex. Gov=t
Code Ann. ' 411.002(a) (Vernon 2005). 





[9]  We have found no binding precedent addressing the
merits of the specific argument Fischer raises.  See Evans v. State, No.
14-05-00332-CR, 2006 WL 1594000, at *1 (Tex. App.CHouston [14th Dist.] June 13, 2006, no pet. h.) (mem. op., not
designated for publication) (AThe tape shows
that, several times during the interview, Trooper Martinez [the arresting
officer] stepped away from the appellant and narrated his conclusions about the
appellant=s performance [on intoxication tests] . . . . However,
the videotape was admitted at trial after the jury had already heard Martinez
testify to virtually the same matters on direct examination without objection. 
Because the complained-of narrative on the videotape was therefore merely
cumulative of Martinez=s testimony on direct examination, any error in its
admission does not require reversal.@); Thompson,
2003 WL 22839810, at *4 (A[The officer]=s
commentary on the audio portion of the videotape . . . are matters observed by
a police officer in a criminal case . . . . Because [the officer=s] remarks are hearsay and do not fall within an
exception to the rule, the trial court erred in admitting his commentary on the
audio portion of the videotape . . . .@).  However, Texas would not be the first state to
consider whether a law enforcement officer=s
recorded observations are admissible as a present sense impression or must be
excluded under the equivalent of our Rule 803(8)(B).  In Wilson v. State,
680 P.2d 1173 (Alaska Ct. App. 1984), the appellate court considered the
admissibility of an officer=s observations
recorded in the course of stopping a suspect on suspicion of driving while
intoxicated.  The trial court allowed the tape to be played for the jury over
appellant=s hearsay objection, ruling that the trooper=s recorded observations were not hearsay because he
was available to testify as a witness subject to cross-examination.  Id. at
1178.  The appeals court concluded that the trial court erred, explaining that,
although the officer=s comments were Aarguably
present sense impressions,@ the statements
Awere, in effect, his report on the incident; as such,
they did not fit within any exceptions to the hearsay rule.@  Id.  The court did not explain its reasoning
for reaching this conclusion.





[10]  For the same proposition, the State also refers us
to United States v. Rideout, 80 F. App=x 836, 843 (4th Cir. 2003) (unpublished), vacated on other grounds,
543 U.S. 1116, 125 S. Ct. 1109, 160 L.Ed.2d 989 (2004).  In Rideout, the
court notes only that Federal Rule of Evidence 803(1) permits the admission of
present sense impressions and states that the appellant=s Ablanket
objection@ gave the court A no
reason to doubt that any narration heard by the jury fit within this rule.@  The question of whether Federal Rule of Evidence
803(8)(B) rendered the evidence inadmissible in a criminal prosecution was not
addressed.  As in Blubaugh, there is no indication the issue was raised.





[11]  Because Fischer pleaded nolo contendere based on the
trial court=s ruling on his motion to suppress, this issue has
been isolated, and we are not presented with alternative bases for admitting
the evidence.  For example, no other evidence was admitted against Fischer, so
the narrative is not cumulative of other evidence.  Cf. Evans,
2006 WL 1594000, at *1 (holding that Athe
complained-of narrative on the videotape was . . . merely
cumulative of Martinez=s testimony on direct examination . . . .@).  Because Martinez did not testify, his narrative is
not admissible as a prior statement under Rule 801(e)(1).  The audio recording
is also inadmissible as a business record.  See Cole v. State, 839
S.W.2d 798, 811B12 (Tex. Crim. App. 1990) (en banc) (op. on reh=g).  Although the State did not identify the exception
to the hearsay rule on which it relied, we find no other potential basis for
admission other than that stated by the trial court.





[12]  Reports of the observations of law enforcement
personnel are not excluded because the reporting law enforcement personnel is
in fact distorting the truth but because, as the Court of Criminal Appeals
indicated in Cole, the declarant has a motive to distort the truth.  Cole,
839 S.W.2d at 808.  Thus, we do not imply that Martinez=s recorded narrative actually contains a calculated
misstatement; in fact, some of the observations Martinez records describe
Fischer=s actions visible on the video portion of the tape. 
Rather, we point out that the circumstances under which Martinez made and
recorded his observations render the audio report of the tape unreliable as
evidence, regardless of the accuracy of the observations it records.  See
Pondexter v. State, 942 S.W.2d 577, 585 (Tex. Crim. App. 1996) (en banc) (AWe know that the reason for Federal Rule of Evidence
803(8)(B), after which the Texas rule was modeled, was the presumed
unreliability of observations that are made by officers at the scene of a
crime.@ (emphasis added)).





[13]  We further note that some state rules of evidence
differ from the federal and Texas rules and follow a Arecent perception@ exception to the hearsay rule rather than a Apresent sense impression@ exception.  A statement of recent perception is defined as a Astatement, not in response to the instigation of a
person engaged in investigating, litigating, or settling a claim, which
narrates, describes, or explains an event or condition recently perceived by
the declarant, made in good faith, not in contemplation of pending or
anticipated litigation in which the declarant was interested, and while the
declarant=s recollection was clear . . . .@  State v. Haili, 79 P.3d 1263, 1274 (Haw.
2003); see also State v. Manuel, 697 N.W.2d 811, 819 (Wis. 2005);
State v. Ross, 919 P.2d 1080, 1085B86 (N.M. 1996).





[14]  Because matters observed by law enforcement
personnel are an exception to the general rule that A[r]ecords, reports, statements, or data compilations, in
any form, of public offices or agencies@
may be considered for admission, Rule 803(8)(B) does not require courts to
consider the form in which the observation is recorded in determining whether
it is admissible or must be excluded.  See Tex. R. Evid. 803(8) (emphasis added). 





[15]  We do not imply that Rule 803(8)(B) excludes the
admission of all law enforcement reports under all circumstances; rather, we
address the specific situation before us, in which aside from the statements of
opinion previously discussed, the reported statements consist of the law
enforcement officer=s observations offered for the truth of the matter
asserted against a defendant in a criminal case. 





[16]  U.S. Const.
Amend. VI; Tex. Const. Art. I, ' 10.