IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-40,053-02






EX PARTE EDWARD ESPARZA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 1997CR0690-W2 IN THE 175TH DISTRICT COURT


FROM BEXAR COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and
sentenced to sixty-five (65) years' imprisonment. His conviction was affirmed on direct appeal. 
Esparza v. State, 31 S.W.3d 338 (Tex. App. - San Antonio 2000), no pet.

 Applicant contends that he was denied the opportunity to appeal the results of a post-conviction Chapter 64 proceeding because he did not receive notice of the results of that proceeding
until after the deadline for filing an appeal. 

 The trial court has determined that Applicant is entitled to habeas relief because he lost the
opportunity to appeal the results of the proceeding through no fault of his own. The court reasons
that Applicant should be given an opportunity to file an out-of-time appeal and recommends granting
relief. 

 However, habeas corpus relief is not available in this case. An unfavorable result or an error
in procedure under Chapter 64 does not impose an independent confinement or conviction. Ex parte
Baker, 185 S.W.3d 894 (Tex. Crim. App. 2006). Although there is a statutory right to appeal, Tex.
Code Crim. Proc. Art. 11.07 does not give Applicant a means for obtaining an out-of-time appeal
from the unfavorable results of a Chapter 64 proceeding. Ex parte Suhre, 185 S.W.3d 898 (Tex.
Crim. App. 2006). Applicant may be entitled to relief by way of a second Chapter 64 proceeding.

 We dismiss the application for habeas corpus relief.


Delivered: May 2, 2007

Do Not Publish