

## NUMBER 13-14-00086-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI—EDINBURG

SMITA CHAKRAVARTHY,                                                        Appellant,

v.

THE STATE OF TEXAS,                                                        Appellee.

### On appeal from the 93rd District Court
### of Hidalgo County, Texas.

## ORDER OF ABATEMENT

### Before Justices Garza, Benavides, and Perkes
### Order Per Curiam

On March 9, 2015, appellant, Smita Chakravarthy, filed a motion requesting that this Court order the Hidalgo County District Clerk's Office to file a supplemental clerk's record containing the jury information cards, jury strike lists, and list of selected and alternate jurors. Appellant asserted in her motion that the sealed jury information is

necessary to properly brief three issues on appeal related to the jury selection process. Appellant further informed this Court that she initially attempted to file her motion with the trial court, but the trial court "declined to rule" on her motion citing lack of jurisdiction to do so. According to the pending motion's certificate of consultation, the State "took no position" on whether this Court should grant or deny appellant's motion.

When a defendant files a post-trial motion seeking discovery of jurors' personal information, '[h]e is not entitled to such information unless he shows good cause.'" *Taylor v. State*, No. 01-11-00210-CR, 2015 WL 730136, at *6 (Tex. App.—Houston [1st Dist.] Feb. 19, 2015, no pet. h.) (op. on reh'g) (citing *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003) (citing TEX. CODE CRIM. PROC. art. 35.29) (West, Westlaw through 2013 3d C.S.)); *see also Cyr v. State*, 308 S.W.3d 19, 29–30 (Tex. App.—San Antonio 2009, no pet.) (noting that a trial court shall permit post-trial disclosure of personal juror information only upon a showing of good cause). "What constitutes good cause must be based upon more than a mere possibility that jury misconduct might have occurred; it must have a firm foundation." *Cyr*, 308 S.W.3d at 30 (citing *Esparza v. State*, 31 S.W.3d 338, 340 (Tex. App.—San Antonio 2000, no pet.). "Good cause" is shown upon sworn testimony or other sufficient supportive evidence in the record. *Hooker v. State*, 932 S.W.2d 712, 716 (Tex. App.—Beaumont 1996, no pet.).

Accordingly, we now ABATE this appeal and REMAND the cause to the trial court to hold a hearing within fourteen days of this order and determine whether appellant has shown good cause to be entitled to the requested personal juror information. *See* TEX. CODE CRIM. PROC. art. 35.29.

2

If the trial court determines that appellant has shown good cause to entitle appellant access to the requested juror information, the Hidalgo County District Clerk shall file such information in a sealed supplemental clerk's record with the Clerk of this Court on or before the expiration of ten days from the date of the trial court's order.[1] The appellant shall file any supplemental briefing on or before the expiration of ten days after this Court receives the sealed supplemental clerk's record. Furthermore, the State may file any supplement briefing on its behalf on or before the expiration of ten days after this Court receives appellant's supplemental briefing.

If the trial court determines that appellant has not shown good cause to entitle appellant access to the requested juror information, appellant shall file any supplemental briefing on or before the expiration of ten days of the trial court's order. Furthermore, the State may file any supplemental briefing on its behalf on or before the expiration of ten days after this Court receives appellant's supplemental briefing.

Regardless of the trial court's determination of whether appellant has shown good cause to entitle appellant access to the requested juror information, the trial court shall cause its order regarding this issue to be included in a supplemental clerk's record, and shall further cause a supplemental reporter's record of the proceedings to be prepared. The supplemental clerk's record and supplemental reporter's record shall be filed with the Clerk of this Court on or before the expiration of ten days from the date of the trial court's order. Finally, this cause shall be automatically reinstated upon the filing, if any, of

---

[1] Attorneys for the appellant and the State shall contact the Clerk of this Court for instructions on how to review this sealed supplemental clerk's record.

3

appellant's supplemental briefing.

It is so ORDERED.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed this the
23rd day of March, 2015.