Michael Matthew **FALCON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–93–00915–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

May 27, 1994.

Laura L. Elizadle, Houston, for appellant.

John B. Holmes, Houston, for appellee.

Before DUGGAN, MIRABAL and WILSON, JJ.

## ORDER

PER CURIAM.

Appellant was convicted of attempted capital murder and attempted aggravated robbery. The jury list and juror information forms were sealed upon order of the trial court. Appellant seeks to have the jury list and juror information forms included in the transcript "so that counsel for appellant can determine if a *Batson*[1] issue or other error in jury selection may exist." In order to have the desired materials included in the transcript, appellant asks us to grant his motion to supplement "and order the supplementation of the transcript . . . with the jury list and juror information forms."

Article 35.29 of the Code of Criminal Procedure, entitled "Personal information about jurors," states:

Information collected by the court or by a prosecuting attorney during the jury selection process about a person who serves as a juror, including the juror's home address, home telephone number, social security number, driver's license number, and other personal information, is confidential and may not be disclosed by the court, the prosecuting attorney, the defense counsel, or any court personnel except on application by a party in the trial or on application by a bona fide member of the news media acting in such capacity to the court in which the person is serving or did serve as a juror. On a showing of good cause, the court shall permit disclosure of the information sought.

TEX.CODE CRIM.P. art. 35.29 (Vernon Supp. 1994). When article 35.29 uses the phrase "the court," it clearly refers to the trial court in which the trial at issue is pending or has occurred. Appellant, therefore, must present his request to unseal the jury list and juror information forms to the trial court. On a showing of good cause, the trial court shall permit disclosure. *Id.* If the trial court, after permitting appellant an opportunity to show good cause, refuses disclosure, appellant may challenge the ruling on mandamus.

We should not be the first court to whom appellant complains about the sealing of the jury list and juror information forms. Appellant must first complain, according to article 35.29, to the court that ordered them sealed: the trial court. Accordingly, we overrule appellant's motion.

It is so **ORDERED.**

---

1. Appellant doubtlessly refers to *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).