COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-07-102-CV

 

 

IN RE EDMOND HOYT POWELL                                                              

 

                                              ------------

 

                                    ORIGINAL
PROCEEDING

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








Relator Edmond Hoyt Powell
seeks mandamus relief from the trial court=s refusal to unseal one volume of the reporter=s record from his punishment trial that he claims contains an
erroneous ruling on his motion in limine. 
In 2001, Relator pleaded guilty to aggravated robbery, and a jury
assessed his punishment at twenty years= confinement.  We affirmed his
conviction, and the court of criminal appeals refused Relator=s petition for discretionary review. 
See Powell v. State, No. 2-01-278-CR (Tex. App.CFort Worth Mar. 28, 2002, pet. ref=d) (not designated for publication). 









The trial court judge sealed
volume three of the reporter=s record of Powell=s trial pursuant to article 35.29 of the code of criminal
procedure.  Tex. Code Crim. Proc. Ann. art. 35.29 (Vernon 2006).  Article 35.29 provides for the
confidentiality of information collected by the court or by a prosecuting
attorney during the jury selection process about a person who serves as a
juror, including the juror=s home address, home telephone number, social security number, driver=s license number, and other personal information.  Id. 
However, Powell asserts that this volume contains a Amajor ruling@ that
constitutes a Amajor error@: the denial of his motion in limine regarding evidence of two
extraneous offenses.  We have obtained
the sealed volume and determined that pages three and four contain the
complained-of ruling on Powell=s motion in limine; the remainder contains the voir dire examination
of prospective jurors.         The State contends that we do not have
jurisdiction to grant mandamus relief because our jurisdiction over Powell=s appeal has ended.  But Powell
is not seeking the reporter=s record to pursue proceedings in his completed appeal; instead, he
says he needs the record to file a separate proceeding, a motion for judgment
nunc pro tunc.[2]  The trial court can enter a judgment nunc pro
tunc at any time, even after it has lost jurisdiction over the case.  Bates, 889 S.W.2d at 309.  Therefore, because Powell=s request to unseal the reporter=s record comes in connection with his planned motion for judgment nunc
pro tuncCwhich can be filed at any timeCit follows that we can review the trial court=s action on that request as well. 
See id.; see also Falcon v. State, 879 S.W.2d 249,
250 (Tex. App.CHouston [1st
Dist.] 1994, no pet.) (stating that a party can pursue mandamus relief from a
trial court=s ruling on
a request to unseal juror information).








By its terms, article 35.29
protects only juror personal information. 
A trial court=s ruling on
a motion in limine is not juror information, so the trial court erred when it
sealed the record of this ruling pursuant to article 35.29 and abused its
discretion when it refused Powell=s request to unseal it.  See
Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985), cert.
denied, 476 U.S. 1159 (1986) (stating that a trial court abuses its
discretion when it acts without reference to any guiding rules or
principles).  We also question whether
the trial court erred when it sealed the entire record of voir dire examination
under this article, but we need not reach this issue because of the extent of
the relief that Powell requests.

Powell generally requests the
court to unseal the entire volume three of the reporter=s record, but nowhere in his petition or his reply does he express a
need or desire for the record of voir dire. 
Instead, his reasons for wanting to unseal the volume are Ato show the Court . . . that a major ruling was made in Volume 3@Cthe ruling on his motion in limine. 
He also complains of mistakes made by his counsel on appealCnot by his trial counsel.  He
does not make any claim of voir dire error or express any intent to pursue such
a claim.  He even affirms that Ahe is not interested in the sensitive information about the Jury.@ 

While the trial court may
have been overinclusive when it used article 35.29 to seal the record of the
entire voir dire proceedings, mandamus is an extraordinary and equitable
remedy, not issued as a matter of right, but at the discretion of the
court.  Rivercenter Assocs. v. Rivera,
858 S.W.2d 366, 367 (Tex. 1993).  The
only need or desire that Powell has expressed is for the record of the ruling
on his motion in limine.  Accordingly,
that is the extent of the extraordinary mandamus relief that is appropriate in
this proceeding.

 








Because we hold that the
trial court abused its discretion by denying Powell=s request to unseal the record of the ruling on his motion in limine,
we conditionally grant his petition for writ of mandamus to the extent that we
order the trial court to unseal the portion of volume three of the reporter=s record that contains the proceedings relating to Powell=s motion in limine.  A writ will
issue only if the court fails to do so. 

PER CURIAM

 

PANEL
B:   MCCOY, DAUPHINOT, and HOLMAN, JJ.

 

DELIVERED:
June 7, 2007











[1]See Tex. R. App. P. 47.4.





[2]Nunc pro tunc can be used only to
correct clerical errors, not judicial ones. 
State v. Bates, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994).  Whether Powell=s stated complaints, an erroneous
motion in limine ruling and ineffective assistance of appellate counsel, are
appropriate ones for a motion for judgment nunc pro tunc is not at issue in
this proceeding.