COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-102-CV

IN RE EDMOND HOYT POWELL 

------------

ORIGINAL PROCEEDING

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Relator Edmond Hoyt Powell seeks mandamus relief from the trial court’s refusal 
to unseal one volume of the reporter’s record from his punishment trial that he claims contains an erroneous ruling on his motion in limine.  In 2001, Relator pleaded guilty to aggravated robbery, and a jury assessed his punishment at twenty years’ confinement.  We affirmed his conviction, and the court of criminal appeals refused Relator’s petition for discretionary review.  
See
 
Powell v. State
, No. 2-01-278-CR (Tex. App.—Fort Worth Mar. 28, 2002, pet. ref’d) (not designated for publication).  

The trial court judge sealed volume three of the reporter’s record of Powell’s trial pursuant to article 35.29 of the code of criminal procedure. 
 
Tex. Code Crim. Proc. Ann.
 art. 35.29 (Vernon 2006).  Article 35.29 provides for the confidentiality of information collected by the court or by a prosecuting attorney during the jury selection process about a person who serves as a juror, including the juror’s home address, home telephone number, social security number, driver’s license number, and other personal information.  
Id.
  However, Powell asserts that this volume contains a “major ruling” that constitutes a “major error”: the denial of his motion in limine regarding evidence of two extraneous offenses.  We have obtained the sealed volume and determined that pages three and four contain the complained-of ruling on Powell’s motion in limine; the remainder contains the voir dire examination of prospective jurors.   The State contends that we do not have jurisdiction to grant mandamus relief because our jurisdiction over Powell’s appeal has ended.  But Powell is not seeking the reporter’s record to pursue proceedings in his completed appeal; instead, he says he needs the record to file a separate proceeding, a motion for judgment nunc pro tunc.
(footnote: 2)  The trial court can enter a judgment nunc pro tunc at any time, even after it has lost jurisdiction over the case.  
Bates
, 889 S.W.2d at 309.  Therefore, because Powell’s request to unseal the reporter’s record comes in connection with his planned motion for judgment nunc pro tunc—which can be filed at any time—it follows that we can review the trial court’s action on that request as well.  
See id.
; 
see also
 
Falcon v. State
, 879 S.W.2d 249, 250 (Tex. App.—Houston [1st Dist.] 1994, no pet.) (stating that a party can pursue mandamus relief from a trial court’s ruling on a request to unseal juror information).

By its terms, article 35.29 protects only juror personal information.  A trial court’s ruling on a motion in limine is not juror information, so the trial court erred when it sealed the record of this ruling pursuant to article 35.29 and abused its discretion when it refused Powell’s request to unseal it.  
See 
Downer v. Aquamarine Operators, Inc.
, 701 S.W.2d 238, 241-42 (Tex. 1985), 
cert. denied
, 476 U.S. 1159 (1986) (stating that a trial court abuses its discretion when it acts without reference to any guiding rules or principles). 
 We also question whether the trial court erred when it sealed the entire record of voir dire examination under this article, but we need not reach this issue because of the extent of the relief that Powell requests.

Powell generally requests the court to unseal the entire volume three of the reporter’s record, but nowhere in his petition or his reply does he express a need or desire for the record of voir dire.  Instead, his reasons for wanting to unseal the volume are “to show the Court . . . that a major ruling was made in Volume 3”—the ruling on his motion in limine.  He also complains of mistakes made by his counsel 
on appeal
—not by his trial counsel.  He does not make any claim of voir dire error or express any intent to pursue such a claim.  He even affirms that “he is not interested in the sensitive information about the Jury.” 

While the trial court may have been overinclusive when it used article 35.29 to seal the record of the entire voir dire proceedings, 
mandamus is an extraordinary and equitable remedy, not issued as a matter of right, but at the discretion of the court.  
Rivercenter Assocs. v. Rivera
, 858 S.W.2d 366, 367 (Tex. 1993).  The 
only need or desire that Powell has expressed is for the record of the ruling on his motion in limine.  Accordingly, that is the extent of the extraordinary mandamus relief that is appropriate in this proceeding.

Because we hold that the trial court abused its discretion by denying Powell’s request to unseal the record of the ruling on his motion in limine, we conditionally grant his petition for writ of mandamus to the extent that we order the trial court to unseal the portion of volume three of the reporter’s record that contains the proceedings relating to Powell’s motion in limine.  A writ will 
issue only if the court fails to do so. 

PER CURIAM

PANEL B: MCCOY, DAUPHINOT, and HOLMAN, JJ.

DELIVERED: June 7, 2007

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
Nunc pro tunc can be used only to correct clerical errors, not judicial ones.  
State v. Bates
, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994).  Whether Powell’s stated complaints, an erroneous motion in limine ruling and ineffective assistance of appellate counsel, are appropriate ones for a motion for judgment nunc pro tunc is not at issue in this proceeding.