

# Fourth Court of Appeals
## San Antonio, Texas

December 29, 2014

No. 04-14-00678-CR

Ronjee **MIDDLETON**,
Appellant

v.

**THE STATE OF TEXAS,**
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CR0666
Honorable Philip A. Kazen, Jr., Judge Presiding

## O R D E R

Appellant filed a motion to unseal Defendant's Exhibit 1, the juror information sheets. In the motion, appellant contended he intends to argue on appeal that *Batson v. Kentucky* extends to jury shuffles, and he needs the information in the sealed exhibit "in order for him to make a full argument of the issue."

Article 35.29 of the Texas Code of Criminal Procedure provides that information collected by the trial court or the State during the jury selection process about a person who serves as a juror may not be disclosed by the trial court, the State, the defense, or any court personnel. TEX. CODE CRIM. PROC. ANN. art. 35.29(a). However, the article provides that upon application by a party in the court, the information may be disclosed upon a showing of good cause. *Id.* art. 35.29(b). The court to which an application must be made is the trial court. *Falcon v. State*, 879 S.W.2d 249, 250 (Tex. App.—Houston [1st Dist.] 1994, no pet.). If the trial court refuses the request, the applicant may challenge the ruling by mandamus. *Id.*

Accordingly, we ordered the appeal abated and all appellate deadlines stayed. We ordered the matter remanded to the trial court for a hearing pursuant to Article 35.29 of the Code of Criminal Procedure. We further ordered that after the hearing, the trial court was required to make findings of fact and conclusions of law on the issues relevant to the unsealing of the document in question, specifically as to the existence or absence of good cause. We ordered the hearing to be held before the end of the years.

On December 18, 2014, the trial court filed a letter with this court advising that the judge of the court is retiring and would not be able to hold the hearing as ordered. Accordingly, the trial court requested that we grant an extension of time to March 1, 2015 to hold the hearing and prepared the required findings of fact and conclusions of law.

Accordingly, we **GRANT** the requested extension in part and **DENY** it in part. We **ORDER** the abatement continued and all appellate deadlines stayed until further order of this court. We again **ORDER** the matter remanded to the trial court for a hearing. However, the hearing shall be held on or before **February 9, 2015**, and the trial court's findings and conclusions shall be completed on or before **February23, 2015**. We **ORDER** the trial court clerk to prepare a supplemental clerk's record containing the trial court's findings of fact and conclusions of law and file it in this court on or before **March 3, 2015**. We also **ORDER** the court reporter to report the hearing and to file a reporter's record from the hearing in this court on or before **March 3, 2015**.

We **order** the clerk of this court to serve a copy of this order on the trial court, the district clerk, the court reporter, and all counsel.

_____
Marialyn Barnard, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 29th day of December, 2014.

_____
Keith E. Hottle
Clerk of Court